HIRAM C. PHILLIPS,

*vs.*

THOMAS L. CANNON, MARGARET CANNON and BURTON
P. CANNON.

*Sussex, Sept. T. 1869.*

The liability under a recognizance in the Orphans' Court, for purchase money
of intestate lands, sold under its order, is several as to each of the heirs
whose shares are secured and not joint.

Where a bill was filed to perpetuate testimony, respecting a recognizance in the
Orphans' Court, and all the heirs whose shares were secured were made
defendants, it was a misjoinder, although the testimony sought to be per-
petuated would apply to all alike.

BILL TO PERPETUATE TESTIMONY.—The bill alleged
the following facts :—

Mrs. Harriet Cannon died intestate in February, 1861,
leaving as her heirs at law, seven children, Catharine C.,
wife of Daniel R. Riggin, Sarah E., wife of John E. Spicer,
Mariah D., wife of James Pritchett, Mary C., wife of Hiram
C. Phillips, the complainant, and Thomas L., Margaret
and Burton P. Cannon, to whom her real and personal
estate descended.   Upon petition for partition in the Or-
phans' Court the real estate of the intestate, having been
appraised at $3755, was sold to John E. Spicer, Daniel R.
Riggin, James Pritchett and the complainant for $2300,
and the sale was confirmed.   The purchasers entered into
a recognizance for the purchase money, with the Reverend
Adam Wallace and Joseph Ellis as sureties.   After the
recognizance was due, the recognizors, through John E.
Spicer, one of them, on March 11, 1864, made a tender of
payment, in legal tender notes, of the shares of the other

three heirs. The tender to Thomas L. Cannon and Margaret Cannon was made in the presence of Alfred R. Wootten and Alfred P. Robinson, Senior, Esquires, and Elisha Huston; and the tender to Burton P. Cannon the presence of Messrs. Wootten and Robinson and William Bell. All the recognizors were present. The tender was refused without any reason being expressed, and no objection was made as to the character of the money or the sufficiency of the amount.

Daniel R. Riggin had since died leaving no property, and James Pritchett had also died and John E. Spicer had left the State, and his whereabouts was unknown to the complainant. Messrs. Wootten and Robinson were both deceased, and Messrs. Huston and Bell were advanced in age and both weakly and in infirm health, and there was danger of losing the benefit of their testimony.

The defendants demurred to the bill, assigning the following causes :

1. That the defendants were improperly joined, their interest in the recognizance, and the money secured by it, being several and not joint, and the liability of the complainants being to each of the defendants severally and not jointly.

2. That no interrogatories were propounded in the bill.

3. That it was not averred that the defendants, or either of them, had caused the issue of any *scire facias* upon the recognizance, nor that it was the intention to issue any.

4. That the bill did not aver the issue of a *scire facias* or other proceeding at law, and that there was no affidavit annexed to the said bill that the witnesses Bell and Huston were aged or infirm, or resided, or had gone or were going out of the State, or any other circumstance

which might render the testimony of them, or either of them, in danger of being lost.

5. The non-joinder of Spicer and the executors or administrators of Riggin and Pritchett.

6. The non-averment of the purpose for which it was sought to perpetuate testimony, or in what respect it would be pertinent or beneficial to the complainant.

7. The absence from the bill of a prayer for answer.

8. The absence of any prayer for the examination of the witnesses as to any matter stated in the bill

9. That the bill did not make such a case as would entitle complainant to discovery or relief in equity.

The demurrer was accompanied by the affidavit of the defendants, that it " was prepared, approved and signed by counsel, and that the same is not interposed for delay."

The demurrer was filed November 30th, 1869, and on application of *Layton*, for the complainant, it was on December 17th, ordered that the demurrer be heard at Chambers on the 27th instant, and that notice be given to the solicitors.

*Wright*, the solicitor for the demurrants, did not appear.

*Layton*, for the complainant, submitted an argument in writing :—

The objections taken by the demurrer may be reduced substantially to three.

1. That the bill does not disclose the fact, or allege that there is any suit or action pending, by the defendants against the complainant, or a fear thereof, so as to entitle him to the examination of his witnesses.

2. That the complainant has not complied with the rules of this Court in propounding interrogatories to be answered by the defendants, and that they are not bound to answer the bill for want of such interrogatories.

3. Misjoinder of the defendants.

1. The bill sets forth the matter touching which the plaintiff is desirous of acquiring evidence. 1, *Madd. Ch. Pr.* *186; that the plaintiff entered into a recognizance &c., with others; that when the recognizances became due, he and the other recognizors made a tender of payment to the defendants, in the presence of the witnesses named, and the tender or money tendered was refused by the defendants. The names of the witnesses were disclosed, and that they were aged and infirm, and that their evidence might be lost before the action could be brought on the recognizance,

It is unnecessary to aver that any action was pending in the court of law; if there had been, the defendant would have had his remedy by suing out a commission &c., to take the depositions &c; and although writs of *scire facias* have been sued out against these parties, since the bill was filed, yet the Chancellor having acquired jurisdiction properly in the first instance, will not, for this cause, dismiss the bill. It is unnecessary to join all the recognizors in the bill, as, in these respects, they may have different cases and equities.

The bill is verified by affidavit of the complainant. All the recognizors could not be joined. D. R. Riggin is dead and there is no administrator in his estate; John E. Spicer is out of the state, in parts unknown to the complainant, and Pritchett is dead.

2. The bill is a very short one, stating, fully enough, all the facts, and calls on the defendant to answer the bill and the facts therein set forth. It is unnecessary, in such

case, if indeed in any case, to repeat the bill, by way of interrogatories.

Under the practice in the courts of the United States it is sufficient to state the facts which entitle the complainant to equity, and then to call on the defendant to answer ; such too, is the practice in Pennsylvania.

In a case like the one before the Chancellor, necessarily brief, seeking no discovery, in effect, save through the witnesses whose testimony is sought to be perpetuated, it would be a waste of time and an unnecessary labor to make the bill "a thrice told tale" or to repeat the bill by way of interrogatories. The defendants are bound to answer all the facts fairly stated in the bill, without their attention being called a second time to those facts, by way of interrogatories.

The old forms of English practice were justly subject to the censures they have incurred, from their prolixity and useless verbiage.

3: It was unnecessary to multiply the costs by filing separate bills against the defendants where the object of the bill is simply to perpetuate testimony in which the defendants are all jointly interested.

THE CHANCELLOR allowed the cause of demurrer, first assigned, and overruled all the remaining causes.

NOTE. After the bill was filed in this case, suit was brought upon the recognizance and the bill was afterwards dismissed by consent.